# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: March 6, 2023
Reissued for Public Availability: April 3, 2023

```
*  *  *  *  *  *  *  *  *  *  *  *  *   *
YOLANDA HENDERSON,                      *      PUBLISHED
                                        *
                Petitioner,             *      No. 21-857V
                                        *
v.                                      *      Special Master Dorsey
                                        *
SECRETARY OF HEALTH                     *      Dismissal Decision; Failure to Prosecute;
AND HUMAN SERVICES,                     *      Insufficient Proof; Entitlement.
                                        *
                Respondent.             *
                                        *
*  *  *  *  *  *  *  *  *  *  *  *  *   *
```

Yolanda Henderson, pro se, Humble, TX, for Petitioner
Heather Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

## I.    INTRODUCTION

On February 3, 2021, Yolanda Henderson ("Petitioner") filed a petition for compensation in the National Vaccine Injury Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2]  Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination on November 11, 2020. Petition at Preamble (ECF No. 1).

Based on the reasons set forth below and in the Show Cause Order dated January 4, 2023, and for failure to comply with the Show Cause Order, the undersigned **DISMISSES** this case for failure to prosecute and insufficient proof.

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on March 6, 2023, and the parties were afforded 14 days to propose redactions.  The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Moreover, the undersigned finds that Petitioner has failed to prove by preponderant evidence that the vaccination allegedly administered to her on November 11, 2020 caused any injury.  See Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1280 (Fed. Cir. 2005).  Thus, the undersigned finds Petitioner is not entitled to compensation.

## II.     BACKGROUND

### A.  Procedural History

On February 3, 2021, Petitioner filed a petition and supporting declaration, alleging that she suffered a SIRVA Table injury as a result of a flu vaccine administered on November 11, 2020.  Petition at Preamble; Petitioner's Declaration ("Pet. Dec.").  On February 11, 2021, Petitioner was ordered to file certified records required by Sections D, E & G of the Pre-Assignment Review by February 22, 2021.  PAR Initial Order dated Feb. 11, 2021 (ECF No. 5).  On February 22, 2021, Petitioner filed her first motion for enlargement of time to obtain the requested records as she was still seeking treatment for her injuries.  Motion for Enlargement, filed Feb. 22, 2021 (ECF No. 6).  That motion was granted and Petitioner was ordered to file medical records by May 24, 2021.  Order (Non-PDF) dated Mar. 17, 2021.

On May 24, 2021, Petitioner filed medical records from Dr. Reed Woytek (chiropractor) for her initial visit on December 24, 2020.  Pet. Exhibit ("Ex.") 3.  Petitioner simultaneously filed a second motion for extension of time to obtain additional records.  Second Motion for Enlargement, filed May 24, 2021 (ECF No. 9).  That motion was also granted and Petitioner was ordered to file additional records by July 23, 2021.  Order (Non-PDF) dated June 4, 2021.  No additional medical records were filed pursuant to the order.

Petitioner was initially represented by an attorney, but on October 5, 2021, the attorney filed a motion to withdraw.  Motion for Leave to Withdraw, filed Oct. 5, 2021 (ECF No. 15).  One reason in support of withdrawal, was that Petitioner and former counsel were "unable to obtain medical support to justify further litigation of this case."  Id. at 1.  Since March 28, 2022, Petitioner has appeared on her own behalf, *pro se*.  Order Granting Motion to Withdraw dated Mar. 28, 2022 (ECF No. 18).

The case was reassigned to the undersigned on May 13, 2022, and the undersigned scheduled a status conference for June 14, 2022.  Notice of Reassignment dated May 13, 2022 (ECF No. 22); Order dated May 25, 2022 (ECF No. 23).  At the status conference, Petitioner stated she received other care for her shoulder pain from her chiropractor, doctors in an emergency room in Atascocita, Texas, an orthopedist in Kingwood, Texas, an MRI facility (Petitioner could not remember the name of this facility), and from her primary care physician, Dr. Michelle Legall.  See Order dated June 14, 2021 (ECF No. 24).

As a result of the status conference, the undersigned ordered Petitioner to file additional medical records to support her claim that she suffered an alleged vaccine injury, including proof of vaccination, and by filing records showing her alleged injury lasted longer than six months.  Order dated June 14, 2021, at 2.  The undersigned also requested Petitioner to file complete medical records from three years prior to the vaccination at issue to present (2017 to present) and

nay other medical records relevant to her alleged injury.  Id.  The undersigned warned Petitioner that failure to file medical records demonstrating Petitioner sustained an injury for more than six months would result in an Order to Show Cause as to why her claim should not be dismissed.  Id.

Petitioner missed the deadline to file medical records on August 15, 2022, and on August 18, the undersigned issued an order extending Petitioner's deadline by 60 days.  Order dated Aug. 18, 2022 (ECF No. 25).  The undersigned warned Petitioner that continuous failure to meet filing deadlines may result in a dismissal of the case.  Id. at 2.  On October 17, 2022, Petitioner again missed the deadline to file medical records as requested by the undersigned.  Order dated Oct. 27, 2022 (ECF No. 26).  The undersigned issued an order extending Petitioner's deadline an additional 60 days, but stated no further extensions would be granted absent good cause shown.  Id. at 1.  Petitioner was again warned that continuous failure to meet filing deadlines may result in a dismissal of the case.  Id.

Petitioner missed her third deadline to file medical records on December 30, 2022.  Accordingly, on January 4, 2023, the undersigned issued an Order to Show Cause, stating that Petitioner had repeatedly failed to file medical records requested by the Court and warned that if Petitioner did not file medical records in compliance with the Order to Show Cause, the case would be dismissed.  Order to Show Cause dated Jan. 4, 2023, at 2 (ECF No. 27).  On February 3, 2023, Petitioner missed her fourth deadline to file medical records and failed to comply with the Order to Show Cause.

This matter is now ripe for adjudication.

### B.  Factual History

Petitioner alleges that she received a flu vaccine in her right shoulder on November 11, 2020, and within 48 hours, developed right shoulder pain.  Petition at ¶¶ 1, 3; Pet. Dec at ¶¶ 2-3.  "Prior to administration of the flu vaccine, Petitioner had no previous right shoulder injuries or symptoms."  Petition at ¶ 2.  "Petitioner suffered no other injuries or accidents that would have caused the shoulder injury."  Id. at ¶ 4; Pet Dec. at ¶ 5.  "Petitioner continues to seek treatment for her right shoulder injuries."  Petitioner at ¶ 5.  Finally, Petitioner claims she established the right to recover for a Table injury of SIRVA caused by the flu vaccine.  Id. at ¶ 9.

No vaccination records have been filed.  But, on December 24, 2020, Petitioner presented to Dr. Reed Woytek, a chiropractor, because she "[g]ot a flu shot and started having shoulder pain in November."  Pet. Ex. 3 at 7.  She stated "they gave her the shot in the wrong spot."  Id.  She reported she got a magnetic resonance imaging ("MRI") that showed "some shoulder tendonitis."  Id.  She complained of pain and limitations when washing her hair, or "anything with arm above head," and pain at night when sleeping.  Id.  On examination, there was tenderness, but range of motion was normal.  Id. at 8-9.  The diagnosis was "[u]nspecified sprain of right shoulder joint, initial encounter" and "[p]ain in right shoulder."  Id. at 7.  Therapeutic activities were performed, and she was prescribed a home exercise program.  Id. at 9-12.  In the discharge note, Dr. Woytek wrote "[i]n my medical opinion the primary condition has been resolved."  Id. at 13.

To date, no other records, including the alleged MRI and follow-up visits with the chiropractor, have been filed and there have been no expert reports.

## III.   DISCUSSION

When a petitioner fails to comply with court orders to prosecute his case, the court may dismiss the case.  Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).

Vaccine Program cases that have been dismissed for failure to respond to an Order to Show Cause include but are not limited to: Byrd v. Sec'y of Health & Hum. Servs., 778 F. App'x 924 (Fed. Cir. 2019); Ghasemipor v. Sec'y of Health & Hum. Servs., No. 20-17V, 2020 WL 7497878 (Fed. Cl. Spec. Mstr. Nov. 23, 2020); Flores v. Sec'y of Health & Hum. Servs., No. 20-157V, 2020 WL 5798502 (Fed. Cl. Spec. Mstr. Sept. 2, 2020); Button ex rel. W.S.B. v. Sec'y of Health & Hum. Servs., No. 16-1391V, 2017 WL 2876099 (Fed. Cl. Spec. Mstr. June 5, 2017); Duncan v. Sec'y of Health & Hum. Servs., No. 16-1367V, 2020 WL 6738118 (Fed. Cl. Spec. Mstr. Oct. 19, 2020), mot. for rev. denied, 153 Fed. Cl. 642 (2021).

Not only was Petitioner required to submit medical records with her petition pursuant to Vaccine Rule 2(c)(2) and § 11(c), but Petitioner has also had numerous opportunities over the course of one year, and she has failed to do so.  The undersigned repeatedly warned Petitioner that failure to file the requested medical records would result in the dismissal of the petition for failure to prosecute.  Although the Order to Show Cause permitted Petitioner one last opportunity to show cause why this case should not be dismissed, she did not offer any evidence that she received the flu vaccine or that she suffered an injury for more than six months.

Petitioner's failure to file any medical records and failure to respond to the Order to Show Cause indicates a disinterest in pursuing her claim.  Therefore, the undersigned finds it appropriate to dismiss this case for failure to prosecute.

Additionally, to receive compensation under the Act, Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. See §§ 11(c)(1), 13(a)(1)(A).

Here, there is not a single record to show that Petitioner received the flu vaccine or that Petitioner has a shoulder injury that lasted more than six months.  Without evidence of vaccination or proof of injury, the undersigned finds that the record does not support a claim under the Vaccine Act, or otherwise include preponderant evidence demonstrating that Petitioner sustained any vaccine injury.

## IV.   CONCLUSION

Accordingly, this case is **DISMISSED** for insufficient evidence and for failure to prosecute. In the absence of a timely filed motion for review pursuant to Vaccine Rule 23, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master